CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 06 2006
JOHN F. CORCORAN, CLERK
BY: HMcDnald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARIO TOLEDO, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00057 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

The petitioner, Mario Toledo, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The petitioner alleges that he received ineffective assistance from his defense attorney. For the following reasons, the petitioner's motion is untimely and must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

Background

On December 22, 2003, the petitioner pled guilty to conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. On June 28, 2004, the petitioner was sentenced to a term of imprisonment of 188 months. The petitioner's judgment of conviction was entered that same day. The petitioner did not appeal his conviction or sentence.

The petitioner mailed this § 2255 motion on January 17, 2006. On January 26, 2006, the court conditionally filed the motion and advised the petitioner that the motion appeared to be untimely. The court directed the petitioner to submit within twenty days any argument and/or evidence concerning the timeliness of his motion. As of this date, the court has not received a response from the petitioner.

---

[1] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, ¶ 6.[2] In this case, the petitioner's judgment of conviction was entered on June 28, 2004. Because the petitioner did not appeal his conviction, it became final on or about July 13, 2004, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, the petitioner had until July 13, 2005 to file a motion under § 2255. Because the petitioner filed this motion more than six months after the one-year period of limitation expired, and since the petitioner has not demonstrated any grounds for equitable tolling[3], the petitioner's motion is untimely. Accordingly, the motion must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 6th day of March, 2006.

Senior United States District Judge

---

[2] Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.
 Here, the petitioner has not alleged anything to support the court's reliance on subsections (2), (3), or (4). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

[3] The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

2